# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ELIZABETH MECIAS,

   Plaintiff,

v.            Case No:   6:20-cv-2353-LHP

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant

_____

### MEMORANDUM OF DECISION[1]

  Elizabeth Mecias ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB").   Claimant raises two arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further administrative proceedings.   Doc. No. 33, at 14-16, 19-20, 21.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.   *Id.*, 16-19, 20-21.   For

_____

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 24, 34.

the reasons discussed herein, the Commissioner's final decision is **AFFIRMED**.

## I.      PROCEDURAL HISTORY

On October 4, 2018, Claimant filed an application for disability insurance benefits, alleging a disability onset date of February 23, 2018.   R. 16, 181.[2]  Claimant's application was denied initially and again upon reconsideration, and she requested a hearing before an ALJ.   R. 107-09, 113-27.   A hearing was held before the ALJ on May 14, 2020.   R. 31-62.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*   Claimant was represented by an attorney at the hearing.   R. 31.

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 16-25.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 7-11.   On October 23, 2020, the Appeals Council denied the request for review.   R. 1-6.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

## II.      THE ALJ'S DECISION[3]

---

[2]  The "Application Summary for Disability Insurance Benefits" states that Claimant applied for DIB on October 5, 2018, but according to the ALJ's decision, Claimant filed the application for DIB on October 4, 2018.   *Compare* R. 16, *with* R. 181.   For consistency, and because the application date is not dispositive of this appeal, the Court utilizes the application date stated by the ALJ:   October 4, 2018.

[3]  Upon review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 33.   Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

The ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 16-25.[4]   The ALJ first found Claimant met the insured status requirements of the Social Security Act through June 20, 2023.   R. 18.   The ALJ also concluded that the Claimant had not engaged in substantial gainful activity since February 23, 2018, the alleged onset date.   *Id.*   The ALJ found that Claimant suffered from the following severe impairments: a back disorder (lumbar spine mild scattered spondylosis and cervical radiculopathy), history of left knee lateral meniscus tear, right ankle arthralgia, a depressive disorder and an anxiety disorder. *Id.*   The ALJ concluded Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 18-20.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in

---

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a(4))(i)–(v)).

the Social Security regulations,[5] with the following limitations:

> [E]xcept lift, carry, push and pull twenty (20) pounds occasionally and ten (10) pounds frequently.   She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks.   She could occasionally climb stairs, balance, stoop, kneel, crouch and crawl, but should never climb ladders, or scaffolds.   Reaching overhead would be limited to no more than frequently.   During the eight-hour workday, she must avoid concentrated exposure to extreme heat and cold.   She must avoid exposure to vibration, unprotected heights, and hazardous machinery.   She could perform tasks that are simple, routine in nature, and that can be learned in 30 days or less.   This persona should have no interaction with [t]he general public unless it is merely superficial, and only occasional interaction with co-workers (superficial is defined as giving simple information back and forth).

R. 20.   The ALJ found that Claimant was unable to perform any past relevant work.

R. 23.   Considering Claimant's age (younger individual), education, work experience, VE testimony and RFC, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Claimant can perform such as: cleaner/polisher, silver wrapper, and housekeeping cleaner.   R. 23-24.

---

[5] The social security regulations define light work to include:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from February 23, 2018, through the date of decision.   R. 25.

## III.    STANDARD OF REVIEW

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision

is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS

In the Joint Memorandum, which the Court has reviewed, Claimant raises two assignments of error: (1) the ALJ erred in relying on a hypothetical to the VE that did not include all of Claimant's limitations; and (2) that Claimant is entitled to a new hearing with a different ALJ pursuant to *Carr v. Saul*, 121 S. Ct. 1352 (2021). Each assignment of error will be discussed herein.

### A.   *Hypothetical Posed to VE*

Claimant's first assignment of error focuses on the initial hypothetical the ALJ posed to the VE.  Doc. No. 33, at 14-16.  Specifically, Claimant contends that the ALJ's hypothetical did not contain all of the limitations set forth in the medical evidence of record, and therefore constitute reversible error.  *Id.*  In response, the Commissioner argues that the ALJ's hypothetical properly incorporated all of the limitations found in the ALJ's RFC, that the VE's testimony constitutes substantial evidence supporting the RFC, and therefore there is no error.  *Id.*, at 16-19.

At step four of the sequential evaluation, an ALJ determines whether, based on an RFC assessment, the claimant can perform any of her past relevant work despite the impairment; and at step five, the ALJ determines whether there are significant numbers of jobs in the national economy that the claimant can perform,

given the claimant's RFC, age, education, and work experience.   *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v).   At step five, the Social Security Administration bears the burden to show that a significant number of jobs exist in the national economy, which the claimant can perform.   *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   At this step, "the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work."   *Pumroy v. Colvin*, No. 8:14-cv-2209-T-AEP, 2015 WL 12857078, at *3 (M.D. Fla. Sept. 10, 2015). "An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert."   *Chapman v. Comm'r of Soc. Sec.*, 498 F. App'x 952, 953 (11th Cir. 2012)[6] (citing *Phillips*, 357 F.3d at 1239-40).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the ALJ is not required to include in the hypothetical question "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*,

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36-2.

496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec. Admin.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *see also Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 712 (11th Cir. 2015) ("Although the ALJ is required to include each of the claimant's impairments in the hypothetical question, there is no requirement that the question include alleged symptoms without support in the medical record of that are alleviated by medication.") (citing *Ingram*, 496 F.3d at 1270). Where the ALJ relies on the VE's testimony, but fails to include all of the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, although Claimant challenges the initial hypothetical the ALJ posed to the VE, Claimant has not expressly challenged (or even mentioned) the RFC.   Doc. No. 33, at 14-16.   A claimant waives issues that are not raised or that are raised in a perfunctory manner.   *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting claimant waived issue because he did not elaborate on claim or provide citation to authority regarding the claim); *Sanchez v. Comm'r of Soc. Sec.*, No. 8:19-cv-1347-T-JSS, 2020 WL 13444237, at *4 (M.D. Fla. Aug. 7, 2020) (finding plaintiff waived any argument related to the sufficiency of the RFC where plaintiff only challenged the ALJ's hypothetical to the VE and did not articulate any reason

that the RFC was not supported by substantial evidence); *Severance-Lopez v. Comm'r of Soc. Sec.*, No. 6:19-cv-282-Orl-22DCI, 2019 WL 9047179, at *3 (M.D. Fla. Dec. 2, 2019), *report and recommendation adopted*, 2020 WL 1181949 (M.D. Fla. Mar. 12, 2020) ("As an initial matter, Claimant does not offer any argument to suggest that the RFC was not supported by substantial evidence, and, thus, waived the argument.") (collecting cases); *see also N.L.R.B. v. McClain of Georgia, Inc.* 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").   Thus, to the extent Plaintiff is challenging the RFC, Plaintiff has not articulated any reason that the RFC is not supported by substantial evidence, and Plaintiff's argument is therefore waived.   The Court therefore focuses solely on the sufficiency of the ALJ's initial hypothetical.

During the hearing, the ALJ posed a series of five hypothetical questions to the VE, however the Claimant only raises challenges to the first hypothetical (Doc. No. 33, at 15-16) which is as follows:

> let's assume a hypothetical individual of Claimant's age, education, and work history.   And let's assume that this hypothetical person could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently.   Let's assume that this hypothetical individual could stand and walk about six hours in an eight-hour workday and could sit for six hours in an eight-hour workday.   Now, this individual could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but should never climb ladders or scaffolds.   Reaching overhead would be limited to no more than frequently.   This individual must avoid exposure to vibration, unprotected heights, and hazardous machinery.

During the eight-hour workday, this individual must avoid concentrated exposure to extreme heat and cold.  Now, this individual could perform tasks that are simple, routine in nature and that can be learned in 30 days or less.   This individual should have no interaction with the general public unless it is merely superficial, and superficial means giving simple information back and forth.   And only occasional interaction with coworkers.

R. 57-58.

In response, the VE testified that this individual could not perform Claimant's past relevant work, but identified jobs in the national economy this individual could perform, such as cleaner and polisher, silver wrapper, and housekeeping.   R. 58.[7]

Claimant attacks this hypothetical on three grounds: (1) that the ALJ left out "the cervical limitations for which Plaintiff has had epidural steroid injections;" (2) the 20-pound lifting limitation included in the hypothetical conflicts with the medical opinions of two treating physicians – Dr. Robert Nucci and Dr. Robert Reppy; and (3) the hypothetical does not include limitations regarding concentration, pace and task persistence.   Doc. No. 33, at 14-16.   In other words, Claimant is not arguing that the hypothetical fails to track the RFC itself – and as noted above, Claimant has waived any arguments challenging the sufficiency of the

---

[7] The other four hypotheticals built onto the first, adding additional restrictions each time. R. 58-60.   As previously noted, Claimant does not challenge any of the other four hypotheticals. Doc. No. 33, at 14-16.

RFC.   Rather, what Claimant is arguing is that the ALJ should have included additional limitations that are not included in either the hypothetical or the RFC.

Claimant's challenges to the hypothetical are unpersuasive.   A comparison of the hypothetical and the RFC demonstrate that they are nearly identical, and that the hypothetical includes all limitations found in the RFC.   *Compare* R. 20 *with* R. 57-58.   And in the absence of any challenge to the RFC, the Court finds that the RFC is supported by substantial evidence, and in turn, that "the ALJ did not err in relying on the VE's testimony in response to his questions and the hypothetical which was consistent with the ALJ's RFC determination."   *Moran v. Saul*, No. 8:21-cv-1487-WFJ-JSS, 2022 WL 3136934, at *7 (M.D. Fla. June 29, 2022), *report and recommendation adopted*, 2022 WL 2816969 (M.D. Fla. July 19, 2022).   *See also Franz v. Comm'r of Soc. Sec.*, No. 6:19-cv-1048-Orl-LRH, 2020 WL 4057565, at *7 (M.D. Fla. July 20, 2020) ("I find that Claimant has failed to establish that the ALJ erred regarding the RFC determination.   Consequently, 'the ALJ's hypothetical question to the VE, which is consistent with the ALJ's RFC determination, properly accounted for Claimant's functional limitations.'") (quoting *Straka-Acton v. Comm'r of Soc. Sec.*, No. 6:14-cv-630-ORL-GJK, 2015 WL 5734936, at *4 (M.D. Fla. Sept. 29, 2015)); *Pumroy*, 2015 WL 12857078, at *4 ("Plaintiff finds no error with the ALJ's RFC finding but contends that the hypothetical posed to the VE, with identical limitations, is in error.   That is simply not the case."); *Bouie v. Astrue*, 226 F. App'x

892, 895 (11th Cir. 2007) ("Because the ALJ posed hypotheticals consistent with the RFC, which was supported by substantial evidence, the ALJ did not err in posing the hypotheticals."); *Beard v. Saul*, No. CV 120-019, 2021 WL 1555042, at *7 (S.D. Ga. Mar. 30, 2021), *report and recommendation adopted*, 2021 WL 1554074 (S.D. Ga. Apr. 20, 2021) ("Where the VE's testimony is based on a hypothetical question including limitations from the RFC finding and the RFC is supported by the record evidence, the VE's testimony supports the ALJ's decision.").[8]

Claimant cites to no legal authority that would permit error at step 5, where there is no error at step 4, and where the hypothetical posed is identical to the RFC. To the contrary, as the authority cited above makes clear, where the RFC is supported by substantial evidence, and where the hypothetical incorporates all of the limitations of the RFC, there is no error.   That is what has happened here – Claimant has not challenged the RFC, which is nearly identical to the hypothetical – and therefore the VE's testimony based on that hypothetical supports the ALJ's decision and is also based on substantial evidence.[9]   The ALJ applied the correct legal standards, and Claimant's first assignment of error is rejected.

---

[8] The Court further notes that the ALJ did account for Claimant's limitations in concentration, persistence, or pace where the ALJ included in the first hypothetical a limitation to tasks that "are simple, routine in nature and that can be learned in 30 days or less."   R. 58.   *See Duval*, 628 F. App'x at 712-13; *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-72 (11th Cir. 2011).

[9] To the extent Claimant's conclusory and perfunctory references to a diagnosis of depression and PTSD, limitations related to unscheduled breaks, and testimony regarding daily panic attacks are further attempts to assign error to the ALJ's initial hypothetical, *see* Doc. No. 33,

B.    *Improper Appointment of ALJ*

Claimant's next assignment of error relates to the United States Supreme Court's decisions in *Carr v. Saul*, 121 S. Ct. 1352 (2021) and *Lucia v. SEC*, 138 S. Ct. 2044 (2018). Doc. No. 33, at 19-20.   Claimant argues that the ALJ was unconstitutionally appointed, and therefore Claimant should be given another hearing in front of an ALJ that was constitutionally appointed.   *Id.*   In response, the Commissioner argues that at the time of the hearing and when the ALJ issued his decision, the ALJ was properly appointed by the Commissioner of Social Security, therefore another hearing is not required.   Doc. No. 33, at 20-21.

In *Lucia*, the Supreme Court determined that the Securities and Exchange Commission ("SEC") ALJs were "inferior officers" subject to the Appointments Clause, and that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."   *Lucia*, 138 S. Ct. at 2055.[10]   "On July 16, 2018, due to the potential impact

---

at 16, those arguments are waived due to a lack of analysis or record citation in support.   *Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority."); *see also McClain of Ga., Inc.*, 138 F.3d at 1422 ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *see also Ross v. Comm'r of Soc. Sec.*, No. 6:15-cv-1764-Orl-DCI, 2017 WL 1180004, at *2 n.2 (M.D. Fla. Mar. 30, 2017) (finding claimant's argument waived given the "perfunctory nature" of the argument (citing *McClain of Ga., Inc.*, 138 F.3d at 1422)).

[10]   Claimant also cites to *Carr v. Saul*, 141 S. Ct. 1352 (2021), for the proposition that she did not waive her argument by failing to raise it during the administrative proceedings.   *See* Doc. No. 33, at 20.   The Court agrees.   "[I]n *Carr v. Saul*, 141 S. Ct. 1352 (2021), the Supreme Court held that

of *Lucia*, the Acting Commissioner [of Social Security] ratified the appointment of the current ALJs." *Raper v. Comm'r of Soc. Sec.*, No. 5:20-cv-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022). *See* SSR 19-1p, 2019 WL 1324866 ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own.").[11]

Given that the decision here by ALJ Rodriguez-Quilichini was issued on May 28, 2020 and relates to a hearing held on May 14, 2020[12], Claimant's challenge is unavailing because ALJ Rodriguez-Quilichini was constitutionally appointed during all relevant aspects of the decision under review. *See, e.g., Page v. Comm'r of Soc. Sec.*, No. 6:21-cv-258-LHP, 2022 WL 1619168, at *9 (M.D. Fla. May 23, 2022) ("Because Claimant's application was adjudicated after the Acting Commissioner ratified the appointments of the current Social Security Administration ALJs, Claimant's contention that the ALJ was unconstitutionally appointed or was

---

Social Security Administration claimants are not required to raise an Appointments Clause claim at the administrative level to preserve it for review in court." *Raper v. Comm'r of Soc. Sec.*, No. 5:20-cv-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022).

[11] "[P]rior to July 16, 2018, Social Security Administration ALJs were hired through a competitive service selection process rather than appointment by an agency head." *See Raper*, 2022 WL 1078128, at *6.

[12] The Commissioner asserts that the hearing was held on May 21, 2020, *see* Doc. No. 33, at 20, however, the hearing was held on May 14, 2020. *See* R. 31.

unauthorized to act in this case is unavailing."); *Raper*, 2022 WL 1078128, at *6 (rejecting similar argument, even where the same ALJ issued an earlier decision in the same case prior to ratification by the Acting Commissioner, where that previous decision was vacated by the Appeals Council after the ratification). *See also Figueroa v. Comm'r of Soc. Sec.*, No. CV 20-346-E, 2022 WL 721283, at *1 n.2 (W.D. Pa. Mar. 10, 2022) (rejecting Appointments Clause challenge where plaintiff contended that he was entitled to have his case assigned to a second, different ALJ on remand because of the decision in *Lucia*); *Camille B. v. Kijakazi*, No. 2:20CV262, 2021 WL 4205341, at *3 (E.D. Va. Sept. 15, 2021) ("The only decision currently under review by this Court is the ALJ's April 2019 merits-based decision, which was made after the ALJ's appointment was ratified by the Acting Commissioner of the SSA. The ALJ was properly appointed during the entire administrative adjudication that this Court is reviewing.").

Because Claimant's application was adjudicated after the Acting Commissioner ratified the appointments of the current Social Security Administration ALJs, Claimant's second assignment of error is unpersuasive, and there is no reversible error.

## V.   CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1.     The Commissioner's final decision is **AFFIRMED**.

2.    The Clerk of Court is **DIRECTED** to enter judgment in favor of

the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2022.

_Leslie Hoffman Price_

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties